DOWNEY, Judge.
Appellant Jack Bakery Services, Inc., appeals from an order of December 11, 1987, and a final judgment dated January 21, 1988, in an eminent domain proceeding wherein the Florida Department of Transportation (DOT) condemned certain property located in a shopping center in Broward County, Florida. Jack Bakery, as a lessee, had an interest in the condemned property in the form of certain fixtures. Appellee Western Treats claimed a security interest in the same fixtures.
An order of taking was entered vesting title in the DOT upon deposit of $32,800, the estimated good faith value of the fixtures. Both Jack Bakery and Western Treats filed motions to withdraw the deposit. Jack Bakery failed to appear at the motion hearing and the trial court granted Western Treat’s motion to withdraw on December 22, 1987. An appeal from the latter order was dismissed for lack of jurisdiction.
After a trial on the merits of the issues existing between Jack Bakery and Western Treats a final judgment was entered determining the valuation of the property and the amount due the respondent property owners as being $67,575 less the $32,800 previously paid. It now remains for the parties to prove their respective interests in the valuation award.
On this appeal Jack Bakery presents as the sole appellate point the propriety of the trial court’s order disbursing the quick taking good faith deposit to Western Treats. There is no appellate issue involving the validity of the judgment vis-a-vis the amount of the valuation of the property taken.
While ordinarily the courts will not disburse the funds deposited in the court *448 registry as the good faith estimate of value for quick taking purposes in eminent domain proceedings, where, as here, one of the contending parties does not pursue its claim at a hearing to determine entitlement to disbursement, that party waives its objections to disbursement.
In our judgment Jack Bakery waived its claim to early disbursement of the paid deposit by failing to attend the disbursement hearing. Any objections referred to in the trial court’s order were objections of the DOT as petitioner, not Western Treats. This, of course, has no effect upon Jack Bakery’s entitlement to its fair share of the deposit to be determined at the section 73.101, Florida Statutes, apportionment hearing eventually to be held in the trial court.
Accordingly, the judgment appealed from is affirmed.
GLICKSTEIN and DELL, JJ., concur.